## THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM R. RHODES,**
**RUSSELL H. MILLER, AND**
**VALORI A. MACE,**

                                   **CIVIL ACTION NO. 6:06-0530**
                                   **(Honorable Joseph Robert Goodwin)**

            **Plaintiffs,**

**v.**

**E. I. DU PONT DE NEMOURS AND COMPANY,**
            **Defendant.**


### ANSWER AND AFFIRMATIVE AND OTHER DEFENSES OF
### E.I. DU PONT DE NEMOURS AND COMPANY
### TO PLAINTIFFS' AMENDED COMPLAINT

        Defendant, E. I. du Pont de Nemours and Company (hereinafter referred to as "DuPont"), through its counsel, hereby answers Plaintiffs' Amended Complaint as follows:

### NATURE OF ACTION

        1.     DuPont denies all factual allegations contained in Paragraph 1 of the Amended Complaint.  DuPont also specifically denies that ammonium perfluorooctanoate is "also known as" DFS-1 or DFS-2.

### JURISDICTION AND VENUE

        2.     DuPont admits that venue is proper in the United States District Court for the Southern District of West Virginia.  DuPont is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations related to jurisdiction contained in Paragraph 2 of the Amended Complaint.

        3.     DuPont denies the allegations as phrased and contained in Paragraph 3 of the Amended Complaint.

## GENERAL ALLEGATIONS

4.      DuPont admits the allegations contained in Paragraph 4 of the Amended Complaint.

5.      DuPont admits the allegations contained in Paragraph 5 of the Amended Complaint.

6.      DuPont admits only that is has used C8 at the Washington Works plant.  The remaining allegations are vague and ambiguous; therefore, DuPont denies the remaining allegations as phrased and contained in Paragraph 6 of the Amended Complaint.

7.      DuPont denies the allegations as phrased and contained in Paragraph 7 of the Amended Complaint.

8.      DuPont is without knowledge or information sufficient to form a belief as to the truth of the location of the Plaintiffs' residences or source of Plaintiffs' drinking water.  DuPont denies the remaining allegations as phrased and contained in Paragraph 8 of the Amended Complaint.

9.      DuPont denies the allegations as phrased and contained in Paragraph 9 of the Amended Complaint.

10.     DuPont denies the allegations as phrased and contained in Paragraph 10 of the Amended Complaint.

11.     DuPont admits only that company documents dated in 1984 report results of water analysis that showed detectable levels of C8 in water taken from taps in communities in West Virginia and Ohio in the geographic vicinity of its Washington Works plant.  DuPont specifically denies that any of these company documents report detecting C8 in Parkersburg City Water

supplies at levels exceeding 1 ppb.  DuPont denies the remaining allegations as phrased and contained in Paragraph 11 of the Amended Complaint.

12.     DuPont admits only that by 2001, DuPont was aware that C8 had been detected in certain private water wells and DuPont also admits it emits and has emitted PFOA into the air and the emission likely contributed to the presence of C8 in some drinking water sources.  DuPont is without sufficient knowledge or information to specifically respond to whether air emissions contributed to the presence of C8 in City of Parkersburg Water Department.  DuPont denies the remaining allegations as phrased and contained in Paragraph 12 of the Amended Complaint.

13.     DuPont denies the allegations as phrased and contained in Paragraph 13 of the Amended Complaint.  DuPont specifically denies that C8 which is or has been detected in the City of Parkersburg Water Department presents a risk of harm to human health.

14.     The allegations as phrased and contained in Paragraph 14 of the Amended Complaint are vague; therefore, DuPont is unable to respond.  To the extent a further response is required, DuPont denies the allegations contained in Paragraph 14 of the Amended Complaint.

15.     The allegations as phrased and contained in Paragraph 15 of the Amended Complaint are vague; therefore, DuPont is unable to respond.  To the extent a further response is required, DuPont denies the allegations contained in Paragraph 15 of the Amended Complaint.

16.     DuPont admits that it installed a carbon absorption treatment system at its Washington Works Plant in the spring of 2001.  DuPont denies the remaining allegations as phrased and contained in Paragraph 16 of the Amended Complaint.

17.     DuPont admits only that it has arranged for and paid for voluntary blood sampling for its Washington Works employees.  DuPont denies the remaining allegations as phrased and contained in Paragraph 17 of the Amended Complaint.

18.     DuPont admits that it has never provided or paid for medical monitoring specifically for customers of the Parkersburg City Water Department.  DuPont denies the remaining allegations as phrased and contained in Paragraph 18 of the Amended Complaint.

19.     DuPont admits only that it began manufacturing and processing ammonium perfluorooctanate ("APFO") in 2002 in Fayetteville, North Carolina, for use at Washington Works and distribution to other locations.  DuPont specifically denies that PFOA is a perflourinated detergent/surfactant.  DuPont denies the remaining allegations as phrased and contained in Paragraph 19 of the Amended Complaint.

20.     DuPont admits only that at high enough doses and durations of exposure, PFOA has been shown to produce liver toxicity in some test animals, and that at lower doses can produce such toxicity through a process known as induction of peroxisome proliferation to which humans are not susceptible.  Although the Amended Complaint does not define the term "biopersistent," and studies have reached different conclusions regarding the persistence of PFOA, based on information and belief, DuPont admits that PFOA is biopersistent in animals and humans.  Although the Amended Complaint does not define the terms "bioaccumulative," based on information and belief, DuPont denies that PFOA is bioaccumulative in humans.  To the extent a further response is required, DuPont denies the remaining allegations contained in Paragraph 20 of the Amended Complaint.

21.     DuPont admits only that some laboratory toxicology studies show certain developmental effects in laboratory animals that were fed high doses of PFOA.  DuPont denies the remaining allegations as phrased and contained in Paragraph 21 of the Amended Complaint.

22.     DuPont admits that it has conducted or funded toxicology and epidemiology studies and tests related to PFOA.  The remaining allegations as phrased and contained in Paragraph 22 of the Amended Complaint are vague; therefore, DuPont is unable to respond.  To the extent a further response is required, DuPont denies the remaining allegations contained in Paragraph 22 of the Amended Complaint.

23.     DuPont admits that, in 1981, 3M advised DuPont that in an oral rangefinder study using PFOA in rats, designed to determine the maximum dosage rate that pregnant female rats could tolerate, and run in preparation for a full-scale teratology study, researchers observed what appeared to be treatment-related damage to the eye lenses of some rat pups; however, within a few months, the testing laboratory, 3M, DuPont, and researchers from the National Institute of Neurological Diseases and Blindness and the National Institutes of Health all concluded that the observed effects were caused by laboratory techniques and not caused by PFOA.  DuPont denies the remaining allegations contained in Paragraph 23 of the Amended Complaint.

24.     DuPont denies the allegations as phrased and contained in Paragraph 24 of the Amended Complaint.

25.     DuPont denies the allegations as phrased and contained in Paragraph 25 of the Amended Complaint.

26.     DuPont admits only that a document dated 1981 reports the presence of PFOA at trace levels in the blood sample labeled "umbilical cord" from one woman and in a sample taken

from a child.  DuPont denies the remaining allegations as phrased and contained in Paragraph 26 of the Amended Complaint.

27.     DuPont admits that in 1982, the company reported data to the EPA regarding the transplacental movement of PFOA.  DuPont denies the remaining allegations as phrased and contained in Paragraph 27 of the Amended Complaint.

28.     DuPont is without sufficient knowledge or information to admit or deny the allegations as phrased and contained in Paragraph 28 of the Amended Complaint.  DuPont admits only that in 2004 the EPA filed claims against DuPont related to PFOA under the Toxic Substances Control Act (TSCA) and the Resource Conservation and Recovery Act (RCRA), and the contents of those claims are set forth within those filings.  To the extent additional response is required, DuPont denies the remaining allegations as phrased and contained in Paragraph 28 of the Amended Complaint.

29.     DuPont is without sufficient knowledge or information to admit or deny the allegations as phrased and contained in Paragraph 29 of the Amended Complaint.  DuPont admits only that in 2004 the EPA filed claims against DuPont related to PFOA under the Toxic Substances Control Act (TSCA) and the Resource Conservation and Recovery Act (RCRA), and the contents of those claims are set forth within those filings.  To the extent additional response is required, DuPont denies the remaining allegations as phrased and contained in Paragraph 29 of the Amended Complaint.

30.     DuPont is without sufficient knowledge or information to admit or deny the allegations as phrased and contained in Paragraph 30 of the Amended Complaint.  DuPont admits only that in 2004 the EPA filed claims against DuPont related to PFOA under the Toxic Substances Control Act (TSCA) and the Resource Conservation and Recovery Act (RCRA), and

the contents of those claims are set forth within those filings.  To the extent additional response is required, DuPont denies the remaining allegations as phrased and contained in Paragraph 30 of the Amended Complaint.

31.     DuPont is without sufficient knowledge or information to admit or deny the allegations as phrased and contained in Paragraph 31 of the Amended Complaint.  DuPont admits only that in 2004 the EPA filed claims against DuPont related to PFOA under the Toxic Substances Control Act (TSCA) and the Resource Conservation and Recovery Act (RCRA), and the contents of those claims are set forth within those filings.  To the extent additional response is required, DuPont denies the remaining allegations as phrased and contained in Paragraph 31 of the Amended Complaint.

32.     DuPont denies the allegations as phrased and contained in Paragraph 32 of the Amended Complaint.

33.     DuPont admits only that in 2004 the EPA filed claims against DuPont related to PFOA under the Toxic Substances Control Act (TSCA) and the Resource Conservation and Recovery Act (RCRA), and the contents of those claims are set forth within those filings. DuPont denies the remaining allegations as phrased and contained in Paragraph 33 of the Amended Complaint and expressly denies the allegation that DuPont concealed any information from the EPA.

34.     DuPont admits only that in 2004 the EPA filed claims against DuPont related to PFOA under the Toxic Substances Control Act (TSCA) and the Resource Conservation and Recovery Act (RCRA), and the contents of those claims are set forth within those filings. DuPont denies the remaining allegations and expressly denies the allegation that DuPont

concealed any information from the EPA phrased and contained in Paragraph 34 of the Amended Complaint.

35.    DuPont admits that it entered into a written Consent Agreement with the EPA and that Agreement sets forth the terms of the agreement of the parties.  DuPont denies the remaining allegations as phrased and contained in Paragraph 43 of the Amended Complaint.

36.    DuPont admits that in May 2005, it  was served with a grand jury subpoena by the Environmental Crimes Section of the Environment and Natural Resources Division of the U.S. Department of Justice (DOJ) and that the subpoena relates to PFOA and its salts.  DuPont denies the remaining allegations as phrased and contained in Paragraph 36 of the Amended Complaint.

37.    DuPont admits that at high enough doses and durations of exposure, PFOA has been shown to produce liver toxicity in some test animals and at lower doses can produce such toxicity through a process known as induction of peroxisome proliferation to which human are not susceptible.  DuPont also admits that PFOA produces benign liver, Leydig cell, and pancreatic tumors in rats at high doses.  DuPont denies the remaining allegations as phrased and contained in Paragraph 37 of the Amended Complaint.

38.    DuPont denies the allegations as phrased and contained in Paragraph 38 of the Amended Complaint.

39.    DuPont denies the allegations as phrased and contained in Paragraph 39 of the Amended Complaint.

40.    DuPont denies the allegations as phrased and contained in Paragraph 40 of the Amended Complaint.

41.    DuPont admits that in 1984 company documents report results of water analysis that showed detectable levels of C8 in water taken from taps in communities in West Virginia

and Ohio in the geographic vicinity of its Washington Works plant and that DuPont has purchased APFO from 3M in the past. DuPont denies the remaining allegations as phrased and contained in Paragraph 41 of the Amended Complaint.

42. DuPont is without sufficient knowledge to admit or deny the factual allegations as phrased and contained in Paragraph 42 of the Amended Complaint. To the extent a response is required, DuPont denies the allegations contained in Paragraph 42 of the Amended Complaint.

43. DuPont admits that it entered into a written Settlement Agreement in West Virginia and that Agreement sets forth the agreement of the parties. DuPont is without sufficient information to admit or deny allegations regarding the level of PFOA in the water supply of the City of Parkersburg Water Department at the time of settlement. DuPont denies the remaining allegations and expressly denies the allegation of contamination of any drinking water or water supply as phrased and contained in Paragraph 43 of the Amended Complaint.

44. DuPont denies the allegations contained in Paragraph 44 of the Amended Complaint and further denies the allegation of contamination of any drinking water or water supply as phrased and contained in Paragraph 44 of the Amended Complaint.

45. DuPont denies that the Parkersburg City Water Department is contaminated with PFOA attributable to DuPont's Washington Works Plant. DuPont admits that the company has not offered to treat public water provided by the Parkersburg City Water Department or to provide bottled water. DuPont denies the remaining allegations as phrased and contained in Paragraph 45 of the Amended Complaint.

46. DuPont admits that it entered into a written Settlement Agreement in West Virginia and the terms of the Agreement are contained therein. DuPont denies the remaining allegations as phrased and contained in Paragraph 46 of the Amended Complaint.

47.     DuPont admits that the Washington Works Plant is located on a piece of property next to the Ohio River and is located in the area of Parkersburg, West Virginia.  The remaining allegations as phrased and contained in Paragraph 47 of the Amended Complaint are vague; therefore, DuPont is unable to respond.  To the extent a further response is required, DuPont denies the remaining allegations contained in Paragraph 47 of the Amended Complaint.

48.     DuPont admits that the Washington Works Plant is comprised of numerous operating units, including a chemical manufacturing plant, loading and unloading areas, materials storage areas, one or more landfills or other waste disposal areas, and a wastewater treatment plant.  DuPont also admits that the company's Washington Works facility has released PFOA into the air, treated waste containing PFOA in anaerobic digestion ponds, disposed of waste containing PFOA into landfills and discharged PFOA into the Ohio River.  DuPont denies the remaining allegations and expressly denies the allegation of contamination of any drinking water or water supply as phrased and contained in Paragraph 48 of the Amended Complaint.

49.     DuPont admits only that PFOA is known to be stable in water, soil, and air and that available studies demonstrate that it is eliminated in, but not metabolized by, humans. DuPont denies the remaining allegations as phrased and contained in Paragraph 49 of the Amended Complaint.

50.     DuPont denies the allegations as phrased and contained in Paragraph 50 of the Amended Complaint.

51.     Although the Amended Complaint does not define the term "bioaccumulative," based on information and belief, DuPont denies that PFOA or C8 is bioaccumulative in humans.

52.     Although the Amended Complaint does not define the term "biopersistent," and studies have reached different conclusions regarding the persistence of PFOA, based on information and belief, DuPont admits that PFOA is biopersistent in animals and humans.

53.     DuPont admits only that the American Conference of Industrial Hygienists (ACGIH) has categorized C8 as a "confirmed animal carcinogen with unknown relevance to humans."  DuPont denies the remaining allegations contained in Paragraph 53 of the Amended Complaint.

54.     DuPont admits that PFOA produces benign liver, Leydig cell, and pancreatic tumors in rats at high doses.

55.     DuPont admits that at high enough doses and durations of exposure, PFOA has been shown to produce liver toxicity in some test animals.

56.     DuPont admits only that some laboratory toxicology studies show certain developmental effects in laboratory animals that were fed high doses of PFOA.  DuPont denies the remaining allegations as phrased and contained in Paragraph 56 of the Amended Complaint.

57.     DuPont admits only that the company's Washington Works facility has released C8 into the air, treated waste containing C8 in anaerobic digestion ponds, disposed of waste containing C8 into landfills, and discharged C8 into the Ohio River.  DuPont denies the remaining allegations and expressly denies the allegation of contamination of any drinking water or water supply as phrased and contained in Paragraph 57 of the Amended Complaint.

58.     DuPont denies the allegations as phrased and contained in Paragraph 58 of the Amended Complaint.

59.     DuPont admits only that PFOA is produced synthetically and, based on current knowledge, PFOA is not a naturally occurring substance, and that all PFOA or C8 found in

human blood serum and/or plasma may be attributable, even if remotely, to human activity. DuPont denies the remaining allegations and expressly denies the allegation of contamination of human blood serum and/or plasma as phrased and contained in Paragraph 59 of the Amended Complaint.

60.     DuPont is without sufficient knowledge or information to admit or deny the factual allegations as phrased and contained in Paragraph 60 of the Amended Complaint.  To the extent a further response is required, DuPont denies the allegations as phrased and contained in Paragraph 60 of the Amended Complaint.

61.     DuPont admits only that in May 2000, DuPont learned that the Minnesota Mining and Manufacturing Company ("3M") had decided to stop manufacturing and selling C8.  DuPont is without knowledge or information sufficient to form a belief as to the reason 3M decided to stop manufacturing and selling C8.  DuPont denies the remaining allegations contained in Paragraph 61 of the Amended Complaint.

62.     DuPont admits only that it began manufacturing and processing APFO in 2002 in Fayetteville, North Carolina, for use at Washington Works and distribution to other locations. DuPont denies the remaining allegations and expressly denies the allegation of contamination of the environment as phrased and contained in Paragraph 62 of the Amended Complaint.

63.     DuPont denies the allegations as phrased and contained in Paragraph 63 of the Amended Complaint.

64.     DuPont admits only that the EPA's Science Advisory Board took action in February 2006 on the recommendations contained in the SAB Panel's draft report issued in January 2006.  To the extent these allegations address the recommendations contained within the SAB Panel's draft report, the content of the report speaks for itself.  DuPont denies the remaining

allegations as phrased and contained in Paragraph 64 of the Amended Complaint and specifically denies that PFOA meets the criteria for characterization as a "likely" human carcinogen.

65.     DuPont admits only that the SAB Panel issued a draft report in January 2006 and the content of that report speaks for itself.  DuPont denies the remaining allegations as phrased and contained in Paragraph 65 of the Amended Complaint.

66.     DuPont denies the allegations contained in Paragraph 66 of the Amended Complaint and expressly denies the allegation of contamination of any drinking water or water supply as phrased and contained in Paragraph 66 of the Amended Complaint.

67.     DuPont denies the factual allegations as phrased and contained in Paragraph 67 of the Amended Complaint.  The remaining portion of Paragraph 67 is a legal conclusion and calls for no answer.  To the extent a further response is required, DuPont denies all the allegations and arguments contained in Paragraph 67 of the Amended Complaint.

68.     DuPont denies the factual allegations as phrased and contained in Paragraph 68 of the Amended Complaint.  The remaining portion of Paragraph 68 is a legal conclusion and calls for no answer.  To the extent a further response is required, DuPont denies all the allegations and arguments contained in Paragraph 68 of the Amended Complaint.

69.     DuPont denies the factual allegations as phrased and contained in Paragraph 69 of the Amended Complaint.  The remaining portion of Paragraph 69 is a legal conclusion and calls for no answer.  To the extent a further response is required, DuPont denies all the allegations and arguments contained in Paragraph 69 of the Amended Complaint.

70.     DuPont denies the factual allegations as phrased and contained in Paragraph 70 of the Amended Complaint.  The remaining portion of Paragraph 70 is a legal conclusion and calls

for no answer.  To the extent a further response is required, DuPont denies all the allegations and arguments contained in Paragraph 70 of the Amended Complaint.

71.     DuPont denies the allegations as phrased and contained in Paragraph 71 of the Amended Complaint.

72.     DuPont denies the allegations as phrased and contained in Paragraph 72 of the Amended Complaint.

73.     DuPont denies the allegations as phrased and contained in Paragraph 73 of the Amended Complaint.

74.     DuPont denies the allegations as phrased and contained in Paragraph 74 of the Amended Complaint.

75.     DuPont denies the allegations as phrased and contained in Paragraph 75 of the Amended Complaint.

76.     DuPont denies the allegations as phrased and contained in Paragraph 76 of the Amended Complaint.

## CLASS ACTION ALLEGATIONS

77.     DuPont denies the statements, allegations, and arguments contained in Paragraph 77 of the Amended Complaint.

78.     DuPont is without sufficient knowledge or information to admit or deny the factual allegations as to how long individuals may have consumed water from the Parkersburg City Water Department.  DuPont denies the remaining statements, allegations, and arguments contained in Paragraph 78 of the Amended Complaint.

79.     DuPont is without sufficient knowledge or information to admit or deny the factual statements, allegations, and arguments contained in Paragraph 79 of the Amended Complaint.

80.     DuPont is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 80 of the Amended Complaint.  To the extent a response is required, DuPont denies the allegations as phrased and contained in Paragraph 80 of the Amended Complaint.

81.     DuPont denies the statements, allegations, and arguments contained in Paragraph 81 of the Amended Complaint.

82.     DuPont denies the statements, allegations, and arguments contained in Paragraph 82 of the Amended Complaint.

83.     DuPont denies the statements, allegations, and arguments contained in Paragraph 83 of the Amended Complaint.

84.     DuPont denies the statements, allegations, and arguments contained in Paragraph 84 of the Amended Complaint.

85.     DuPont denies the statements, allegations, and arguments contained in Paragraph 85 of the Amended Complaint.

86.     DuPont denies the statements, allegations, and arguments contained in Paragraph 86 of the Amended Complaint.

87.     DuPont denies the statements, allegations, and arguments contained in Paragraph 87 of the Amended Complaint.

88.     DuPont denies the statements, allegations, and arguments contained in Paragraph 88 of the Amended Complaint.

## FIRST COUNT

## <u>NEGLIGENCE</u>

89.     To the extent that prior allegations are incorporated by way of reference, DuPont's responses to those specific allegations, statements, or arguments are likewise incorporated herein by way of reference.

90.     DuPont admits only that its responsibilities with regard to its operation and management of the Washington Works Plant are set forth by applicable law.  To the extent the allegations contained in Paragraph 90 of the Amended Complaint imply a breach of those duties, then DuPont denied the related allegations contained in Paragraph 90 of the Amended Complaint.

91.     DuPont denies the statements, allegations, and arguments contained in Paragraph 91 of the Amended Complaint.

92.     DuPont is without sufficient knowledge or information to admit or deny whether Plaintiffs or others have suffered any harm or damage as alleged in Paragraph 92.  To the extent a further response is required, DuPont denies the related allegations as phrased and contained in Paragraph 92 of the Amended Complaint.  DuPont denies the remaining statements, allegations, and arguments contained in Paragraph 92 of the Amended Complaint.

93.     DuPont denies the statements, allegations, and arguments contained in Paragraph 93 of the Amended Complaint.

94.     DuPont is without sufficient knowledge or information to admit or deny whether Plaintiffs or others have suffered any harm or damage as alleged in Paragraph 94.  To the extent a further response is required, DuPont denies the related allegations as phrased and contained in

Paragraph 94 of the Amended Complaint.  DuPont denies the remaining statements, allegations, and arguments contained in Paragraph 94 of the Amended Complaint.

**SECOND COUNT**

**GROSS NEGLIGENCE, RECKLESS, WILLFUL AND WANTON CONDUCT**

**(CLAIM FOR EXEMPLARY OR PUNITIVE DAMAGES)**

95.     To the extent that prior allegations are incorporated by way of reference, DuPont's responses to those specific allegations, statements or arguments are likewise incorporated herein by way of reference.

96.     DuPont denies the statements, allegations, and arguments contained in Paragraph 96 of the Amended Complaint.

97.     DuPont is without sufficient information to admit or deny whether Plaintiffs or others have suffered any harm or damage as alleged in Paragraph 97.  To the extent a further response is required, DuPont denies the related allegations as phrased and contained in Paragraph 97 of the Amended Complaint.  DuPont denies the remaining statements, allegations, and arguments contained in Paragraph 97 of the Amended Complaint.

98.     DuPont denies the statements, allegations and arguments contained in Paragraph 98 of the Amended Complaint.

99.     DuPont denies the statements, allegations, and arguments contained in Paragraph 99 of the Amended Complaint.

## THIRD COUNT

## PRIVATE NUISANCE

100.    To the extent that prior allegations are incorporated by way of reference, DuPont's responses to those specific allegations, statements, or arguments are likewise incorporated herein by way of reference.

101.    DuPont denies the statements, allegations, and arguments contained in Paragraph 101 of the Amended Complaint.

102.    DuPont denies the statements, allegations, and arguments contained in Paragraph 102 of the Amended Complaint.

103.    DuPont is without sufficient information to admit or deny whether Plaintiffs or others have suffered any harm or damage as alleged in Paragraph 103.  To the extent a further response is required, DuPont denies the related allegations as phrased and contained in Paragraph 103 of the Amended Complaint.  DuPont denies the remaining statements, allegations, and arguments contained in Paragraph 103 of the Amended Complaint.

## FOURTH COUNT

## PAST AND CONTINUING TRESPASS

104.    To the extent that prior allegations are incorporated by way of reference, DuPont's responses to those specific allegations, statements, or arguments are likewise incorporated herein by way of reference.

105.    DuPont denies the statements, allegations, and arguments contained in Paragraph 105 of the Amended Complaint.

106.    DuPont is without sufficient knowledge or information to admit or deny whether PFOA or C8 is present on the property or in the bodies of Plaintiffs or other alleged class

members.  DuPont is also without sufficient knowledge or information to admit or deny whether, if PFOA or C8 is present on Plaintiffs' or others' properties or in their bodies, the PFOA or C8 alleged to be present originates from the Washington Works Plant.  To the extent a further response is required, DuPont denies the related allegations as phrased and contained in Paragraph 106 of the Amended Complaint.  DuPont denies the remaining statements, allegations, and arguments contained in Paragraph 106 of the Amended Complaint.

107.    DuPont is without sufficient information to admit or deny whether PFOA or C8 is present on the property or in the bodies of Plaintiffs or other alleged class members.  To the extent this response is deemed insufficient, DuPont denies the allegation as stated.  DuPont denies the remaining statements, allegations, and arguments contained in Paragraph 107 of the Amended Complaint.

108.    DuPont is without sufficient knowledge or information to admit or deny whether PFOA or C8 is present on Plaintiffs' or others' properties or in their bodies.  To the extent a further response is required, DuPont denies the related allegations as phrased and contained in Paragraph 108 of the Amended Complaint.  DuPont denies the remaining statements, allegations, and arguments contained in Paragraph 108 of the Amended Complaint.

109.    DuPont is without sufficient information to admit or deny whether PFOA or C8 is present on the property or in the bodies of Plaintiffs or other alleged class members.  To the extent a further response is required, DuPont denies the related allegations as phrased and contained in Paragraph 109 of the Amended Complaint.  DuPont denies the remaining statements, allegations, and arguments contained in Paragraph 109 of the Amended Complaint.

## FIFTH COUNT

## PAST AND CONTINUING BATTERY

110.    To the extent that prior allegations are incorporated by way of reference, DuPont's responses to those specific allegations, statements, or arguments are likewise incorporated herein by way of reference.

111.    DuPont denies the statements, allegations, and arguments contained in Paragraph 111 of the Amended Complaint.

112.    DuPont denies the statements, allegations, and arguments contained in Paragraph 112 of the Amended Complaint.

113.    DuPont denies the statements, allegations, and arguments contained in Paragraph 113 of the Amended Complaint.

114.    DuPont denies the statements, allegations, and arguments contained in Paragraph 114 of the Amended Complaint.

115.    DuPont denies the statements, allegations, and arguments contained in Paragraph 115 of the Amended Complaint.

116.    DuPont is without sufficient knowledge or information to admit or deny whether PFOA or C8 is present on the property or in the bodies of Plaintiffs or other alleged class members.  To the extent a further response is required, DuPont denies the related allegations as phrased and contained in Paragraph 116 of the Amended Complaint.  DuPont denies the remaining statements, allegations, and arguments contained in Paragraph 116 of the Amended Complaint.

## SIXTH COUNT

## MEDICAL MONITORING

117.    To the extent that prior allegations are incorporated by way of reference, DuPont's responses to those specific allegations, statements, or arguments are likewise incorporated herein by way of reference.

118.    DuPont denies the statements, allegations, and arguments contained in Paragraph 118 of the Amended Complaint.

119.    DuPont denies the statements, allegations, and arguments contained in Paragraph 119 of the Amended Complaint.

120.    DuPont denies the statements, allegations, and arguments contained in Paragraph 120 of the Amended Complaint.

121.    DuPont denies the statements, allegations, and arguments contained in Paragraph 121 of the Amended Complaint.

122.    DuPont denies the statements, allegations, and arguments contained in Paragraph 122 of the Amended Complaint.

123.    DuPont denies the statements, allegations, and arguments contained in Paragraph 123 of the Amended Complaint.

124.    DuPont denies the statements, allegations, and arguments contained in Paragraph 124 of the Amended Complaint.

125.    DuPont denies the statements, allegations, and arguments contained in Paragraph 125 of the Amended Complaint.


WHEREFORE, DuPont respectfully requests that plaintiff's Prayer for Relief be dismissed with prejudice in its entirety.

## AFFIRMATIVE AND OTHER DEFENSES

### First Affirmative Defense

Plaintiffs' Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred by the applicable statute of limitations and the doctrine of laches.

### Third Affirmative Defense

Any damages alleged by plaintiffs in the Amended Complaint are proximately caused in whole or part by persons or entities other than this defendant and over whom this defendant had no control.

### Fourth Affirmative Defense

The answering defendant violated no duty or obligations which it owed to plaintiffs.

### Fifth Affirmative Defense

Plaintiffs' claims are barred by West Virginia workers' compensation laws and statutes which preclude claims against employers under the facts presented.

### Sixth Affirmative Defense

DuPont denies that exposures to any of the substances alleged in the Amended Complaint pose any potential threat to human health or the environment.  To the extent it is determined at some future time to the contrary, then DuPont neither knew nor should have known that any of the substances alleged in the Amended Complaint were hazardous or constituted a reasonable or foreseeable risk of physical harm in accordance with the prevailing state of medical, scientific,

and/or industrial knowledge available at all times relevant to the claims or causes of action asserted by these plaintiffs.

## Seventh Affirmative Defense

Plaintiffs' medical monitoring claims are barred by virtue of the fact that plaintiffs have not been exposed to toxic chemicals, have not suffered an injury from any such exposure, have no distinctive increased risk of future injury which requires medical surveillance, and are not cognizable under West Virginia law.

## Eighth Affirmative Defense

At all times, the answering defendant complied with all applicable laws, regulations, specifications, and standards set forth by local, state and federal government.

## Ninth Affirmative Defense

Class Certification should be denied because the plaintiffs' purported class fails to satisfy the procedural requirements of F.R.C.P. 23, including but not limited to numerosity, commonality, cohesiveness, typicality and adequacy of representation.

## Tenth Affirmative Defense

Plaintiffs lack standing to assert the claims on behalf of the purported class.

## Eleventh Affirmative Defense

Plaintiffs' claims of nuisance are barred in that DuPont's actions were neither intentional nor negligent nor a result of ultrahazardous activities; in fact, its actions were lawful and a permitted use of its premises, property and business rights.

### Twelfth Affirmative Defense

Plaintiffs' claims for personal injury are barred as there is insufficient proof of a cognizable past, present or future injury, disease, increased risk of disease or fear of future disease which warrants recovery; any such proofs are purely speculative in nature.

### Thirteenth Affirmative Defense

Plaintiffs' claims for property damage, diminution of value, or loss are barred as there is insufficient proof of loss of enjoyment, use, or value which warrants recovery; any such proofs are purely speculative in nature.

### Fourteenth Affirmative Defense

Plaintiffs' claims of battery are barred as there are no facts or law to support such a claim, including but not limited to no assault or attempt or offer to touch or strike the person of another with unlawful force or violence, and no battery or actual touching or striking of the person, with the intent to do so, with unlawful force or violence.

### Fifteenth Affirmative Defense

Plaintiffs' claims of past and continuing trespass are barred in that they are unsupported by fact or law.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred by virtue of the fact that there is no reliable scientific, epidemiologic or medical basis to support a claim that exposure to any of the substances referenced in the Amended Complaint in the quantities which actually exist or existed in surface water, groundwater or air proximately causes past, present or future injury which supports recovery.

### Seventeenth Affirmative Defense

Plaintiffs' claims are barred by virtue of the fact that there is no scientific, epidemiologic or medical basis to support a claim that any of the substances referenced in the Amended Complaint in the quantities which actually exist or existed in surface water, groundwater or air proximately has caused any negative impact on plaintiffs' properties, past, present or future.

### Eighteenth Affirmative Defense

To the extent that plaintiffs allege any medical condition caused by any action of this defendant, then the facts and evidence show that the medical condition at issue is proximately caused by a natural or artificial cause other than the actions of this defendant.

### Nineteenth Affirmative Defense

Plaintiffs' claims are barred by virtue of admissions, settlement agreements, court decisions, and admissions made in courts in other jurisdictions.

### Twentieth Affirmative Defense

Plaintiffs' and putative class members' claims are barred, in whole or in part, because they violate the Due Process provisions of the United States Constitution, as well as cognate provisions of the West Virginia Constitution, to the extent that they seek to deprive DuPont of procedural and substantive safeguards, including traditional defenses to liability.

### Twenty-First Affirmative Defense

DuPont did not engage in any conduct which warrants or forms the basis for an award of compensatory or punitive damages under applicable West Virginia constitutional guarantees, statutes, and case law, or equitable relief of any nature.

### Twenty-Second Affirmative Defense

Plaintiffs are not entitled to equitable or injunctive relief with regard to any DuPont activities at the Washington Works plant facility or elsewhere as there are insufficient proofs to support or justify such relief in any fashion.

### Twenty-Third Affirmative Defense

The class allegations are barred in that if this action is certified as a class action, DuPont's right under the Fifth and Seventh Amendments to the United States Constitution would be violated.

### Twenty-Fourth Affirmative Defense

The causes of action set forth in the Amended Complaint may not be certified or maintained as a class action because the questions of fact at issue are not common to the alleged class, but rather are factually specific and will vary dramatically from person to person.

### Twenty-Fifth Affirmative Defense

DuPont complied with all applicable statutes and regulations with regard to the conduct alleged in the Amended Complaint, and, therefore, to the extent that consideration is given to plaintiffs' claims, then punitive damages are unwarranted in law and fact.

### Twenty-Sixth Affirmative Defense

Plaintiffs' claims are barred under the doctrine of waiver and/or estoppel.

### Twenty-Seventh Affirmative Defense

Plaintiffs' claims are barred by accord and satisfaction and release.

### Twenty-Eighth Affirmative Defense

DuPont reserves the right to supplement its affirmative defenses as they become known or available.

## JURY DEMAND

DuPont demands a trial by a jury on all of the triable issues of this Amended Complaint.

**E. I. DU PONT DE NEMOURS
AND COMPANY**

By Counsel:

**/s/ Niall A. Paul**
Niall A. Paul (WV State Bar No. 5622)
Karin L. Weingart (WV Bar #8911)
Alexander M. Macia (WV Bar #6077)
SPILMAN THOMAS BATTLE, PLLC
300 Kanawha Boulevard, East (Zip 25301)
Charleston, WV 25301
Telephone 304.340.3800
Fax:  304.340.3801
E-mail:   npaul@spilmanlaw.com

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

WILLIAM R. RHODES,
RUSSELL H. MILLER, AND
VALORI A. MACE,

        Plaintiffs,

v.                             CIVIL ACTION NO. 6:06-0530
                                 (Honorable Joseph Robert Goodwin)

E. I. DU PONT DE NEMOURS AND COMPANY,

        Defendants.


## CERTIFICATE OF SERVICE

       I, Niall A. Paul, do hereby certify that on July 5, 2006, I electronically filed the foregoing

"Answer and Affirmative and Other Defenses of E. I. du Pont de Nemours and Company" with

the Clerk of the Court using the CM/ECF system, which will send notification of such filing to

the following:

Harry G. Deitzler                            Larry A. Winter
R. Edison Hill                               Winter Johnson & Hill PLLC
Hill, Peterson, Carper, Bee and         P.O. Box 2187
  Deitzler, PLLC                        Charleston, WV  25328
NorthGate  Business Park
500 Tracy Way
Charleston, WV  25311-1261

Robert A. Bilott
Taft, Stettinius & Hollister, LLP
1800 First Tower
425 Walnut Street
Cincinnati, OH 45202-3957

and I hereby certify that I have mailed, by United States Postal Service, the document to the

following non-CM/ECF participants:

Gerald R. Rapien
Taft, Stettinius & Hollister, LLP
1800 First Tower
425 Walnut Street
Cincinnati, OH 45202-3957

**/s/ Niall A. Paul**
Niall A. Paul (WV State Bar No. 5622)
Karin L. Weingart (WV Bar #8911)
Alexander M. Macia (WV State Bar # 6077)
SPILMAN THOMAS BATTLE, PLLC
300 Kanawha Boulevard, East (Zip 25301)
P.O. Box 273
Charleston, WV 25321-0273
Telephone 304.340.3800
Fax:  304.340.3801
E-mail:   npaul@spilmanlaw.com