THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
PARKERSBURG DIVISION

WILLIAM R. RHODES,
RUSSELL H. MILLER, AND
VALORI A. MACE,

                              CIVIL ACTION NO. 6:06-0530

       Plaintiffs,

v.

E. I. DU PONT DE NEMOURS AND COMPANY,

       Defendant.

### E. I. DU PONT DE NEMOURS AND COMPANY'S
### MOTION FOR SUMMARY JUDGMENT

Defendant, E. I. du Pont de Nemours and Company ("DuPont"), by counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully moves this Court for summary judgment dismissing Plaintiffs' Second Amended Complaint.[1]  There are no genuine issues as to any material fact, and DuPont is entitled to judgment as a matter of law.  In support of this Motion, and as further discussed in its accompanying Memorandum of Law in Support of Its Motion for Summary Judgment ("Memorandum"), DuPont states as follows:

1.     During the three years this litigation has been pending, Plaintiffs have alleged a multitude of ever-changing claims, causes of action, and legal theories, claiming that Plaintiffs have been injured by DuPont, or are at a significantly increased risk of a serious latent disease, as a result of trace levels of perfluorooctanoic acid ("PFOA") that are present in the drinking water provided by the Parkersburg Utility Board ("PUB").

---

[1] DuPont also filed a Motion for Summary Judgment based on the Statute of Limitations on March 30, 2009.  That issue has been fully briefed by the parties and is currently pending before the Court.

2.      Plaintiffs, however, have abandoned their claims of manifest physical injury to person or property and have failed to identify any injury or corresponding damages that they have allegedly experienced, other than an unsubstantiated injury of increased risk of serious disease and the associated costs of medical monitoring. Notwithstanding their claim that each has consumed these trace levels of PFOA in PUB water for decades, Plaintiffs offer no expert opinion that any plaintiff has any physical injury that is specifcally caused by exposure to PFOA in their drinking water. Plaintiffs have not articulated or established any legally recognizable real property damages.

3.      Plaintiffs fail to demonstrate that DuPont's operations have resulted in the trace levels of PFOA in Plaintiffs' blood or water; their experts concede they are not able to offer scientific opinions to do so. Plaintiffs have failed to identify any hydrogeologist, fate and transport expert, or any other expert who can testify that PFOA in PUB water results from operations at Washington Works. All of Plaintiffs' claims depend upon this fundamental element that DuPont is the source of PFOA in PUB water, and in the absence of scientific proof to establish this point, Plaintiffs are unable to carry their burden for each of their claims.

4.      Plaintiffs' claim for medical monitoring based on an alleged increased risk of serious latent disease also fails as a matter of law. Plaintiffs are unable to offer admissible expert testimony concerning either some increased risk of serious disease or the related issues of significant exposure and the alleged toxicity of PFOA at levels present in PUB water. Plaintiffs experts stand alone in their opinions regarding significantly increased risk from PFOA at these trace levels and can cite no published, peer-reviewed study that concludes that PFOA causes human disease at any dose, much less the trace levels of exposure in this case. Furthermore, all

data has demonstrated that the level of PFOA in PUB water is well below the governing regulatory guidance to protect public health.

5. Plaintiffs fail to articulate any legally cognizable injury to sustain their non-medical monitoring claims, which include negligence, gross negligence, private nuisance, trespass, and battery. For this reason, too, DuPont is entitled to summary judgment on these claims.

6. Plaintiffs' public nuisance claim fails because they have not identified any special injury required to support such a claim. Plaintiffs lack standing to pursue a public nuisance claim, and trace levels such as those found in PUB water are not a public or private nuisance.

7. Plaintiffs' efforts to manufacture intentional tort claims, including battery and trespass, based on the mere presence of PFOA fail as a matter of law. West Virginia does not recognize a battery claim based solely upon exposure to allegedly toxic chemicals. *Accord McClenathan v. Rhone-Poulenc*, 926 F. Supp. 1272, 1276 n.5 (S.D. W. Va. 1996) (citing *Funeral Servs. by Gregory, Inc. v. Bluefield Community Hosp.* ("*Gregory*"), 413 S.E.2d 79, 80 (1991), *overruled on other grounds by Courtney v. Courtney*, 437 S.E.2d 436 (1993)). Additionally, DuPont is entitled to a judgment as a matter of law as to Plaintiffs' trespass claim, as West Virginia does not recognize a trespass claim based solely upon exposure to alleged environmental contamination. *See Bartlett v. Grasselli Chem. Co.*, 115 S.E. 451, 455 (W. Va. 1922).

8. Plaintiffs' claim for punitive damages is fatally flawed because West Virginia does not recognize a separate cause of action for punitive damages. *See Roney v. Gencorp*, 431 F.Supp.2d 622, 638 (S.D.W.Va. 2006). Furthermore, no reasonable jury could find that DuPont should have been forewarned that it would be subject to punitive damages for emissions that

violated no applicable government regulations and for which there was no state-of-the-art knowledge of any risk, let alone significantly increased risk, of adverse human health effects based upon exposures commensurate with the levels of PFOA present in PUB water. Furthermore, punitive damages cannot, as a matter of law, be awarded in connection with most of Plaintiffs' claims.

9. The exhibits attached hereto and identified as Exhibits 1-14, and the Declaration of Libretta P. Stennes, are submitted in support of this Motion. A Memorandum is being filed contemporaneously herewith in support of this Motion.

WHEREFORE, for the reasons stated herein, and in DuPont's Memorandum, DuPont respectfully requests that this Court enter an Order granting DuPont summary judgment as to each of Plaintiffs' claims and any such further relief as the Court deems appropriate.

**E. I. DU PONT DE NEMOURS AND COMPANY**
**By:   SPILMAN THOMAS & BATTLE, PLLC**

/s/ Niall A. Paul
Niall A. Paul (WV Bar #5622)
Nathan B. Atkinson (WV Bar No. 10757)
300 Kanawha Boulevard, East (Zip 25301)
P.O. Box 273
Charleston, WV 25321-0273
Tel: 304.340.3800
Fax: 304.340.3801

Jennifer Quinn-Barabanov *(admitted pro hac vice)*
Libretta Porta Stennes *(admitted pro hac vice)*
Anthony F. Cavanaugh *(admitted pro hac vice)*
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington, DC  20036-1795
Tel: 202.429.3900
Fax: 202.429.3902
lstennes@steptoe.com

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
PARKERSBURG DIVISION**

**WILLIAM R. RHODES,
RUSSELL H. MILLER, AND
VALORI A. MACE,**

      **Plaintiffs,**

v.                                     **CIVIL ACTION NO. 6:06-0530**

**E. I. DU PONT DE NEMOURS AND COMPANY,**

      **Defendant.**

### **CERTIFICATE OF SERVICE**

      I, Niall A. Paul, do hereby certify that on June 12, 2009, I electronically filed the foregoing "**Motion for Summary Judgment**" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Harry G. Deitzler<br>R. Edison Hill<br>Hill, Peterson, Carper, Bee and Deitzler, PLLC<br>NorthGate Business Park<br>500 Tracy Way<br>Charleston, WV 25311-1261 | Robert A. Bilott<br>Gerald R. Rapien<br>Taft, Stettinius & Hollister, LLP<br>1800 First Tower<br>425 Walnut Street<br>Cincinnati, OH 45202-3957 |
| Larry A. Winter<br>Winter Johnson & Hill PLLC<br>P.O. Box 2187<br>Charleston, WV 25328 | J. Steven Justice<br>Taft, Stettinius & Hollister, LLP<br>110 North Main Street<br>Suite 900<br>Dayton, OH 45402-1786 |

                                            /s/ Niall A. Paul
                                            Niall A. Paul (WV State Bar No. 5622)