THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
PARKERSBURG DIVISION

WILLIAM R. RHODES, et al.,

      Plaintiffs,

vs.                                    CIVIL ACTION NO. 6:06-0530
                                       (Judge Joseph R. Goodwin)

E. I. DUPONT DE NEMOURS AND COMPANY,

      Defendant.

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND SECOND AMENDED CLASS ACTION COMPLAINT

### INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 15(a)(2) Plaintiffs respectfully move the Court for leave to amend their Amended Class Action Complaint ("Complaint") to assert a claim under the imminent and substantial endangerment citizen suit provision of the federal Resource Conservation and Recovery Act of 1976 ("RCRA"), as amended, 42 U.S.C.A. §§ 6901, *et seq.* against Defendant E. I. du Pont de Nemours and Company ("DuPont").

This case involves the contamination of the City of Parkersburg's drinking water supply with PFOA, a toxic chemical released by DuPont into the water supply from DuPont's nearby Washington Works Plant. Neither the West Virginia Department of Environmental Protection ("WVDEP") nor the United States Environmental Protection

Agency ("USEPA") have issued any regulatory limits yet for establishing safe levels of PFOA in human drinking water. On January 13, 2009, USEPA released its very first preliminary guideline for PFOA in drinking water (referred to as a "Provisional Health Advisory" or "PHA") confirming USEPA's view that even short term exposure to more than 0.4 ppb of PFOA in drinking water "may present an imminent and substantial endangerment" to human health. *See* Affidavit of R. Edison Hill ("Hill Aff.") at Ex. A. USEPA and other governmental entities have noted that long term exposure to PFOA in drinking water (several years) may present a similar "imminent and substantial endangerment" to human health at levels approximately *10 times* lower than the 0.4 ppb short-term exposure guideline, if not lower. *See* Hill Aff. at Exs. B and C (at Exs. F, J, and K). As this Court is aware from prior submissions, testimony, and evidence, the level of PFOA in the City of Parkersburg's drinking water has exceeded such a long-term exposure threshold since at least 2006 (at least over three years).

Promptly after receiving notice of USEPA's new PHA for PFOA and its implications for long-term exposure to the City of Parkersburg's drinking water, Plaintiffs issued a notice, as required by the RCRA statute, to DuPont, WVDEP, and USEPA of their intent to bring a claim against DuPont under the citizen suit provision of RCRA, which provides a mechanism for addressing and abating any such potential "imminent and substantial endangerment." *See* Hill Aff. at Ex. C; *see also* 42 U.S.C.A. § 6972(b)(2). That statute requires plaintiffs to wait at least 90 days after issuance of the notice before taking any action to bring the RCRA claim, in order to allow time for the state or federal agencies to take the appropriate action to address and abate the problem. *See* 42 U.S.C.A. § 6972(b)(2). Despite Plaintiffs' notice, no such action was taken by

any state or federal agency (or DuPont) to address the problem during the 90 day period, which did not run until the end of May, 2009. In fact, none of the agencies or DuPont even responded to the notice letter. Plaintiffs' efforts over the next several weeks to try to resolve this issue informally with DuPont so as to avoid having to file this claim were also unsuccessful (as with all of Plaintiffs' efforts to date to resolve any aspect of this case). Thus, having allowed the statutorily required notice period to pass and having exhausted their best efforts to address this claim extrajudicially without success, Plaintiffs are now in a position to seek to add their RCRA claim.

Plaintiffs therefore now move the Court for leave to amend their Complaint to include a RCRA imminent and substantial endangerment citizen suit claim. Pursuant to Federal Rule of Civil Procedure 15(a)(2), when a party seeks leave to amend a pleading, the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Justice requires that Plaintiffs be granted leave to amend their Complaint.

## ARGUMENT

Under Federal Rule of Civil Procedure 15(a)(2), when a party seeks leave to amend a pleading, the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *Ward Electronics Service, Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Fourth Circuit has held that the *Foman* decision "mandates a liberal reading of the rule's direction for 'free' allowance: motions to amend are to be granted in the absence of a 'declared reason.'" *Ward*, 819 F.2d at 497, citing *Foman*, 371 U.S. at 182. Leave to amend should be granted in the absence of a declared reason such as "undue delay, bad faith or dilatory motive…repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party…futility of amendment, etc." *Id.* No such reason exists here, and Plaintiffs' Motion for leave to amend should be granted.

1. **DuPont is Not Prejudiced by Plaintiffs' Motion to Amend Their Second Amended Complaint.**
2.

Plaintiffs seek to amend their Complaint to add a RCRA imminent and substantial endangerment claim. Plaintiffs' RCRA claim arises out of substantially the same facts as all of the other claims alleged in Plaintiffs' original Complaint. As this case has been pending since 2006, and DuPont has been participating in discovery with respect to these common facts for years, DuPont is not prejudiced by adding this claim arising from and based on the exact same set of facts.

Additionally, DuPont is not prejudiced by the timing of this amendment. No additional fact or expert discovery is needed to address this claim and defending the RCRA claim imposes no additional burdens on DuPont. The RCRA claim requires no additional evidence or likely witnesses at trial. DuPont is well aware of all the facts supporting Plaintiffs' RCRA claim and has been on notice of the nature and basis of the claim since at least February 2009, when it received Plaintiffs' formal notice letter. DuPont is in no way prejudiced by Plaintiffs' amended Complaint nor can it claim any surprise in its timing.

3. **Plaintiffs' Motion for Leave to Amend is Not Colored by Undue Delay, Bad Faith, Dilatory Motive, or Futility.**

Plaintiffs seek leave to amend with no bad faith, dilatory motives, undue delay, or under any other circumstances that would to prevent the Court from granting leave to amend. Because the RCRA claim is timely, and because Plaintiffs sufficiently plead with particularity a claim for which relief can be granted, Plaintiffs' claim is not futile. *See* 42

U.S.C.A. § 6972(b)(2); *Meghrig v. KFC Western, Inc.*, 516 U.S. 479, 486 (1996); *United States ex. rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). In the absence of a declared reason, leave to amend a pleading should be granted. *See Ward*, 819 F.2d at 497. "Again, it must…appear that successive amendments are futile, offered in bad faith, prejudicial, or otherwise contrary to the interests of justice to justify denials of leave to amend." *Id.* None of the reasons to deny leave to amend are present here, therefore leave to amend should be granted. *See id.*

## CONCLUSION

For each and all of the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Leave to Amend Their Second Amended Complaint to assert a RCRA citizen suit claim against DuPont.

Respectfully submitted,

**s/ R. Edison Hill**
R. Edison Hill (WVSB#1734)
Harry G. Deitzler (WVSB#981)
Hill, Peterson, Carper,
  Bee & Deitzler, PLLC
500 Tracy Way
Charleston, WV 25311-1261
(304) 345-5667 (office)
(304) 345-1519 (fax)
rehill@hpcbd.com

Robert A. Bilott (OSB#046854)
Taft Stettinius & Hollister LLP
425 Walnut Street
Suite 1800
Cincinnati, OH 45202
(513) 381-2838

J. Steven Justice (OSB#0063719)
Taft Stettinius & Hollister LLP
110 N. Main St., Ste. 900
Dayton, OH 45402
(937) 228-2838

Larry A. Winter (WVSB#4094)
Winter Johnson & Hill PLLC
United Center
500 Virginia Street, East
P.O. Box 2187
Charleston, WV 25328
(304) 345-7800
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, R. Edison Hill, hereby certify that on July 14, 2009, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the following:

| | |
|---|---|
| Nathan B. Atkinson, Esq. | natkinson@spilmanlaw.com |
| Anthony F. Cavanaugh, Esq. | acavanaugh@steptoe.com |
| Clifford F. Kinney, Jr., Esq. | ckinney@spilmanlaw.com |
| Niall A. Paul, Esq. | npaul@spilmanlaw.com |
| Libretta P. Stennes, Esq. | lstennes@steptoe.com |

**s/ R. Edison Hill**
R. Edison Hill (WVSB # 1734)
Harry G. Deitzler (WVSB #981)
HILL, PETERSON, CARPER,
    BEE & DEITZLER, P.L.L.C.
NorthGate Business Park
500 Tracy Way
Charleston, WV  25311-1261
304-345-5667 (office)
304-345-1519 (fax)
rehill@hpcbd.com
*Counsel for Plaintiffs*

11460130.1

6