IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

WILLIAM R. RHODES, et al.,

        Plaintiffs,

v.                                CIVIL ACTION NO. 6:06-cv-00530

E.I. Du Pont De Nemours and Company,

        Defendant.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the plaintiffs' Motion for Leave to Amend the Second Amended Class Action Complaint [Docket 350]. The plaintiffs seek to add a claim under the imminent and substantial endangerment citizen suit provision of the federal Resource Conservation and Recovery Act of 1976 ("RCRA"), as amended, 42 U.S.C. § 6901, *et seq.* For the reasons explained below, this Motion is **DENIED**.

The plaintiffs filed this action on May 23, 2006, in the Circuit Court of Wood County, West Virginia, alleging negligence; gross negligence, reckless, willful and wanton conduct; private nuisance; past and continuing trespass; past and continuing battery; and medical monitoring (Class Action Compl. [Docket 1].) On May 26, 2006, the plaintiffs filed an Amended Class Action Complaint, bringing the same claims, which they served on DuPont through the West Virginia Secretary of State on May 30, 2006. (Def.'s Notice Removal ¶ 2 [Docket 1].) On January 5, 2009, the plaintiffs filed a Motion for Leave to Amend the Amended Class Action Complaint to assert a claim for public nuisance [Docket 263]. I granted this motion on January 8, 2009, finding that the motion was neither frivolous nor vexatious, the amendment was not futile, and that granting the

motion would not result in undue prejudice to the defendants [Docket 266].  The same day, I issued an Order pursuant to a January 7, 2009 status conference, directing, inter alia, when discovery was to be completed and when dispositive motions were to be filed and served [Docket 268].  On February 23, 2009, the plaintiffs filed the statutorily required Notice of Intent to Sue the defendant under RCRA's criminal suit provision.  On July 31, 2009, the plaintiffs brought the instant motion.

A court should "freely give leave" to amend a complaint "when justice so requires."  Fed. R. Civ. Proc. 15(a)(2).  This standard is fairly liberal.  It reflects the "federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities."  *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).  Nevertheless, in appropriate circumstances, leave should be denied:

> In the absence of any apparent or declared reason—such as *undue delay*, bad faith or dilatory motive on the part of the movant, *repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment*, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial . . . is merely abuse of that discretion . . . .

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added); *see also Glaser v. Enzo Biochem, Inc.*, 126 Fed. Appx. 593, 602 (4th Cir. 2005) (applying *Foman* to conclude that "the district court did not abuse its discretion in ruling that the plaintiffs' 'many opportunities . . . to present their claim' warranted denial of the motion to amend"); *Omni Outdoor Advertising, Inc. v. Columbia Outdoor Advertising, Inc.*, 974 F.2d 502, 506 (4th Cir. 1992) (denying leave to amend, noting "[t]rying cases one claim at a time is both unfair to the opposing party and inefficient for the judicial system"); *Page v. Bolger*, 645 F.2d 227, 228 n.1 (4th Cir. 1981) (affirming district court's ruling denying

motion for leave to amend when discovery was complete and trial was imminent). Thus, the inquiry must focus on whether "any justifying reason[s]" for denial of leave to amend are present here.

I find that granting the plaintiffs' motion will result in undue delay and prejudice to the defendant. Discovery is complete and all dispositive motions have been filed and served. In my January 8, 2009 Order, I noted that adding a new cause of action "will require limited additional discovery and will not excessively delay trial." (Ord. at 2.) Now, over nine months later, the time for all discovery is past, and this court is not inclined to countenance any delays to a trial already well over three years in the making. Furthermore, the plaintiffs have offered no rational explanation for their delay. They allege that they commenced their RCRA action "[p]romptly after receiving notice of [the United States Environmental Protection Agency's] new [Provisional Health Advisory] for PFOA," (Pls.' Mem. Supp. Pls.' Mot. Leave Amend Second Am. Class Action Compl. 2), but they do not explain what this event has to do with their RCRA claim, which appears to have been ripe throughout the entire litigation thus far. The plaintiffs, who have already amended their complaint twice, certainly have long had the opportunity to add a RCRA claim to their complaint, but have neglected to do so. The plaintiffs have unduly delayed their motion. And "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." Charles Alan Wright, Arthur R. Miller, & Mary Kane, 6 Fed. Prac. & Proc. Civ. § 1488 (2d. ed. 1990).

Although "[d]elay alone, without prejudice, does not support the denial of a motion for leave to amend,"[1] *Deasy v. Hill*, 833 F.2d 38, 41 (4th Cir. 1987), adding a new and substantially different

---

[1] Not all circuit courts agree. *See, e.g., Steir v. Girl Scouts of the* USA, 383 F.3d 7, 12 (1st Cir. 2004) ("[P]rotracted delay, with its attendant burdens on the opponent and the court, is itself
(continued...)

cause of action after discovery is complete will prejudice the defendants. DuPont rightly contests the plaintiffs' claim "that additional discovery is unnecessary" in light of the fact that "DuPont has not had the opportunity to evaluate existing discovery or expert testimony in the context of a RCRA action." (Def.'s Mem. Opp'n Pls.' Mot. Leave Amend Second Am. Class Action Compl. 8 [Docket 368].)

I further find that this belated claim will substantially change the character of the litigation. To succeed on their RCRA claim, the plaintiffs must show, among other things, that DuPont's emissions "may present an imminent and substantial endangerment to health or the environment." 42 U.S.C. § 6972 (a)(1)(B). The evidence presented with the motions for summary judgment shows little indication of an "imminent and substantial endangerment to health"; indeed, the only legally sufficient injury plaintiffs have alleged is a possible significantly increased risk of disease in the future justifying medical monitoring.[2] (*See* Mem. Opinion & Order 6, 6 n.3 [Docket 454].). As to whether an "imminent and substantial endangerment to . . . the environment" may be present, prior discovery has not focused on this issue. As DuPont points out, "[n]ot one witness, let alone an expert witness, has been specifically asked whether PFOA may pose an 'imminent and substantial endangerment to health or the environment.'" (Def.'s Mem. Opp'n Pls.' Mot. Leave Amend Second

---

[1](...continued)
a sufficient reason for the court to withhold permission to amend."); *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 133 (10th Cir. 1987) (holding that "undue delay" alone is sufficient grounds to deny leave to amend).

[2] For this reason, the plaintiffs' motion also implicates the issue of futility. If a district court finds that a claim is doomed to fail, it may deny leave to amend on grounds of futility. *See, e.g., Steinburg v. Chesterfield County Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008) (upholding a district court's finding of futility on the grounds that the "proposed amended complaint would not survive summary judgment").

Am. Class Action Compl. 9). The plaintiffs do not deny this. (Reply Supp. Pls.' Mot. Leave Amend Second Am. Class Action Compl. 9.)

This court sees no reason to re-open discovery or to allow further dispositive motions. This case has already gone on for over three years, consuming a substantial amount of the court's, and the parties', time and resources. "Belated claims which change the character of litigation are not favored." *Deasy*, 833 F.2d at 42.

The plaintiffs' Motion for Leave to Amend the Second Amended Complaint [Docket 350] is thus **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                                  ENTER:       October 16, 2009

                                  Joseph R. Goodwin, Chief Judge